■ MARINE MIDLAND BANK, N. A., Appellant, v GLEN SANFORD et al., Respondents.—Mikoll, J. Appeal from an order of the County Court of Delaware County (Estes, J.), entered September 8, 1987, which denied plaintiff's motion for sum-

mary judgment and granted summary judgment to defendants dismissing the complaint.

The issue before us is whether County Court properly granted defendants summary judgment dismissing the complaint on the ground that the transaction contained in the retail installment agreement is usurious. There must be a reversal. Plaintiff sued as assignee of a retail installment agreement executed between defendants, as purchasers of a furnace, and the seller, a furnace supplier. The agreement provided for credit at a yearly rate of 17% to be paid in 60 monthly installments of $106.66 per month. Upon default, defendants agreed to pay an interest rate of 2% per month on the unpaid balance, reasonable counsel fees and court costs. Defendants defaulted on the contract.

Retail installment contracts are governed by Personal Property Law § 404. The rate of interest charged herein is in conformity with the Personal Property Law. Plaintiff, as assignee, is entitled to sue on the underlying contract agreement (see, Personal Property Law § 411 [1]).

Order reversed, on the law, with costs, motion granted and summary judgment awarded to plaintiff. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.